# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

ANDRES ROJAS NORENA, )
)
      Petitioner )
)
  v. )     Case No. 6:26-cv-03269-MBB
)
TODD BLANCHE, et al., )
)
      Respondents. )

## <u>ORDER</u>

Before the Court is Andres Rojas Norena's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (**Doc. 1**). Petitioner argues that his immigration-related detention at the Greene County Jail violates procedural due process and is unauthorized under 8 U.S.C. § 1226. (***Id.*** at pp. 5-7). The petition is DENIED.

## Background

Petitioner, a citizen of Colombia, illegally entered the United States with his wife on March 16, 2024. (***Id.*** at p. 4). DHS arrested him and initiated removal proceedings. (**Doc. 6-1**, p. 2). DHS released him on an Order of Release on Recognizance, which referenced 8 U.S.C. § 1226. (**Doc. 1**, p. 4). Petitioner's wife has a pending asylum application, which names Petitioner as a derivative beneficiary. (***Id.***). Petitioner has employment authorization. (***Id.***).

On April 25, 2026, Petitioner was arrested by the Indianapolis Metropolitan Police Department for domestic battery and battery resulting in bodily injury. (**Doc. 6-1**). The victim told law enforcement that Petitioner punched her in the head, face, torso, and forearm. (***Id.***). Officers of the Indianapolis Metropolitan Police Department "observed discoloration to her torso and left forearm." (***Id.***). The State of Indiana did not file criminal charges against Petitioner.

(**Doc. 1**, p. 4; **Doc. 6-1**, p. 2).  Indiana officials transferred Petitioner to DHS custody because of his pending removal proceedings.  (**Doc. 1**, p. 4).  Petitioner is currently detained at the Greene County Jail in Springfield, Missouri.  (*Id.* at p. 5).

Petitioner argues that his detention violates procedural due process.  (*Id.* at pp. 5-6).  He claims that DHS was required to give him a hearing prior to detaining him because he was previously released under § 1226.  (*Id.* at pp. 5-6).  Petitioner argues that his prior release reflects the government's decision that he is not dangerous or a flight risk.  (*Id.* at pp. 5-6).  Finally, Petitioner argues that his current detention is not authorized by 8 U.S.C. § 1226.  (*Id.* at pp. 6-7).  He seeks immediate release from detention or, alternatively, a bond hearing.  (*Id.* at p. 7).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention.  *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001).  *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention).  But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful."  ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025).  *See **Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

**I.  Petitioner's continued detention does not violate procedural due process.**

"In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens."  ***Demore v. Kim***, 538 U.S. 510, 521 (2003).  Under 8 U.S.C. § 1225(b)(2)(A), "an applicant for admission must be detained 'if the

2

examining immigration officer determines that an alien seeking admission is not clearly . . . entitled to be admitted.'" ***Avila v. Bondi***, 170 F.4th 1128, 1135 (8th Cir. 2026), *quoting* **8 U.S.C. § 1225(b)(2)(A)**.

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See* ***Demore***, 538 U.S. at 531. In *Baynee v. Garland*, 115 F.4th 928 (8th Cir. 2024), the Eighth Circuit held "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *See* ***Baynee***, 115 F.4th at 933, *quoting* ***Demore***, 538 U.S. at 527. The Eighth Circuit reasoned that the Supreme Court "ha[s] already done whatever balancing is necessary." ***Id.*** "[D]etention does not violate due process when 'deportation is still on the table' because 'what matters is that detention pending deportation ha[s] a definite termination point." ***Romero v. Brown***, 2026 WL 1021455, at *5 (S.D. Iowa Apr. 15, 2026), *quoting* ***Baynee***, 115 F.4th at 932-33.

Here, Petitioner concedes his detention is premised on his pending removal proceedings. He does not claim to be a lawfully admitted alien. He cites no legal authority to support his due process claim. (*See* **Doc. 1**, pp. 5-6). Like the statute in *Demore*, § 1225(b)(2)(A) requires detention pending removal proceedings. Procedural due process is satisfied so long as the removal proceedings are pending. *See* ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). It is also satisfied by simple reference to the legislative scheme. *See* ***Baynee***, 115 F.4th at 932 (noting the Supreme Court has upheld detention without bond pending removal "simply by reference to the legislative scheme"). *See also* ***Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute").

**II.     Petitioner's continued detention is authorized under 8 U.S.C. § 1225(b)(2)(A).**

Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. If an alien is an "applicant for admission," he is also "seeking admission." ***Avila v. Bondi***, 170 F.4th 1128, 1134 (8th Cir. 2026) (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under [§ 1225(b)(2)(A)]"). "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." ***Id.*** at 1133. *See **Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021) ("Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other").

Here, Petitioner states that he has been physically present in the United States, received employment authorization, and released on recognizance. But he does not claim to be lawfully admitted. Without lawful admission, he remains an "applicant for admission," "seeking admission" under § 1225(b)(2)(A). *See **Avila***, 170 F.4th at 1133. *See also **Sanchez***, 593 U.S. at 417-18 (noting that Congress may grant "nonimmigrant status" without also granting "admission"). Because Petitioner's detention is statutorily authorized under § 1225(b)(2)(A), the Court need not address Petitioner's argument that his detention is not authorized by § 1226.

## Conclusion

The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

**IT IS SO ORDERED.**

4

<span style="text-align:right">/s/ Megan Blair Benton</span>
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2026.